IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARDA ESPIRITU; ROBERT ESPIRITU,<br><br>        Plaintiffs,<br><br>    vs.<br><br><br>MANMEET RANA,<br><br>        Defendant. | ) CIVIL NO. 12-00330 LEK-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO DISMISS<br>) ACTION WITHOUT PREJUDICE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO
DISMISS ACTION WITHOUT PREJUDICE

Plaintiffs Leonarda and Robert Espiritu (collectively "Plaintiffs") commenced this action on June 7, 2012. On September 10, 2012, the Court held a Rule 16 Scheduling Conference. Plaintiffs failed to appear. Consequently, the Court issue an Order to Show Cause ("OSC") why this case should not be dismissed for failure to serve the Complaint, failure to appear at the Rule 16 Scheduling Conference, and failure to file a Rule 16 Scheduling Conference Statement. Plaintiffs were cautioned that Local Rule 11.1 provides a basis to impose sanctions, including but not limited to fines,

dismissal, and/or other appropriate action.

At the October 12, 2012 OSC hearing, the Court advised Plaintiffs that they must properly serve Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure ("FRCP") and granted them an extension of time until November 26, 2012, to do so.

On December 14, 2012, the Court held a status conference. Ms. Espiritu indicated that she served Defendant on December 11, 2012, and said that she would file the proof of service. The Court held a further status conference on January 14, 2013, at which it discussed proper service of the Complaint. The Court directed Plaintiffs to serve the Complaint within thirty days, and cautioned that the Court may recommend dismissal if they failed to effect proper service. In addition, the Court advised Plaintiffs that no further extensions to serve the Complaint would be granted.

On March 14, 2013, the Court held a further status conference. At the status conference, Plaintiffs indicated that they mailed copy of the Complaint to Defendant. However, as the Court

previously explained to Plaintiffs, this does not constitute proper service under FRCP 4.

There being no evidence in the record to date that Plaintiffs have effected proper service upon Defendant, the Court recommends that this action be dismissed.  Courts do not take failures to comply with Court orders or failures to prosecute lightly.  FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  See id.

Here, dismissal is appropriate given Plaintiffs' failure to Comply with multiple Court directives and failure to prosecute.  The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[1] finds that they weigh in favor of dismissal.

---

[1]  The Ninth Circuit has delineated five factors a district court must weigh in determining whether to

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal.  Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted).  The Court, not Plaintiffs, should control the pace of the docket.  Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642.  It has been approximately nine months since Plaintiffs initiated this action and where, as here, service has yet to be properly effected, the Court's ability to manage its docket is impaired.

The lack of availability of less drastic alternatives also supports dismissal.  The Court

---

dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

advised Plaintiffs about their obligation to comply with FRCP 4 on three occasions and granted two extensions of time to effect proper service.  Further, the Court cautioned that it may recommend dismissal if Plaintiffs failed to effect proper service.  Yet Plaintiffs have not complied with Court directives and/or the rules.  Plaintiffs' pro se status does not excuse their compliance with all applicable rules, statues and orders.  Local Rule 83.13.  Thus, the Court believes that it is left with no choice but to dismiss.

Moreover, Defendant will suffer prejudice if this case continues without service being effected. Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the rightful decision of the case.  Pagtalunan, 291 F.3d at 642.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed without prejudice for failure to serve, failure to prosecute, and failure to comply with Court directives.

    IT IS SO FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, March 14, 2013.



                                      Kevin S.C. Chang
                                      United States Magistrate Judge

CV 12-00330 LEK-KSC; ESPIRITU, ET AL. V. RANA; FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE